[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13343
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2010
JOHN LEY
CLERK

D.C. Docket No. 08-21135-CV-WMH

RAY RACCA,

Plaintiff-Appellant,

versus

CELEBRITY CRUISES, INC.,
ROYAL CARIBBEAN CRUISES LTD.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2010)

Before EDMONDSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

The issue in this case is whether a contractual provision in a cruise ticket which

limits a passenger's right to sue for personal injuries to one year was reasonably

communicated to the Plaintiff Ray Racca. After review, we affirm the district court's grant of summary judgment to Defendants.

Racca filed suit against Celebrity Cruises, Inc. and Royal Carribean Cruises, Ltd. on April 22, 2008, alleging that he injured his knee by stepping into a hole beneath the carpet in the hallway near his room on the ship on April 30, 2006. The injury resulted in Racca undergoing several surgeries and a complete knee replacement. Because Racca did not bring suit within one year of the date of injury, the district court granted summary judgment to Celebrity and Royal Caribbean, holding that Racca's suit was barred by the limitations period in the cruise ticket. Racca filed a motion to reinstate and/or motion for a new trial. The district court denied this motion. Racca appeals.

The contract in Racca's passenger ticket issued by Celebrity provides:

> No suit shall be maintainable against carrier, the vessel or the transport for any claim, including but not limited to delay, detention, personal injury, illness or death of passenger unless written notice of the claim, with full particulars, shall be delivered to carrier at its principal office within six (6) months from the day the cause of action occurred; and in no event shall any such suit for any cause against carrier, the vessel, or the transport be maintainable unless such suit shall be commenced (filed) within one (1) year from the day when the cause of action occurred and process was served within thirty (30) days after filing, notwithstanding any provision of law of any state or country to the contrary.

(R.1-6, Cruise/CruiseTour Ticket Contract at ¶ 12(B).) Title 46 U.S.C. § 30508(b)(2) specifically authorizes cruise lines to place a one-year limitations period on the right of passengers to file personal injury law suits. "Courts will enforce such a limitation if the cruise ticket provided the passenger with reasonably adequate notice that the limit existed and formed part of the passenger contract." *Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1566 (11th Cir. 1990) (citations omitted).

Racca contends that the district court erred because the limitations provision in the contract was not reasonably communicated to him: "[t]he ticket is roughly 100 pages and even though the ticket does provide some notice to the guest (on the front cover) that something important is contained inside[,] the font directing the guest to the specific section(s) does not stand out from the other words on the cover nor is the language distinguishable by any highlight, bolding, italics or underlines." (Appellant's Br. at 10). In addition, Racca notes that he is in his late-70's.

The district court concluded that the limitations provision in the cruise ticket was binding on Racca. The brochure does contain one hundred pages. The district court concluded, however, that:

> the ticket contract is only three (3) pages within the entire "Guest Vacation Brochure" [Racca] received prior to the cruise. Indeed, the warning that the contract "contains important limitations on the rights of passengers" appears on the face of the Guest Vacation Brochure received by [Racca], and an index to the Brochure appears on page 1,

3

noting that the ticket contract can be found on page 67 of the Brochure. . . .[Further], despite all of his complaints about Defendant and the ticket contract, [Racca] does not dispute that he received the ticket contract and that the unambiguous limitations language is contained therein. [Racca] apparently had an attorney as early as July 2007, but still waited until April 2008 to file this action. [Racca's] surgeries occurred within months of the accident in 2006, but there is no record that [he] provided Defendant with written notice of his claim at any time prior to the filing of this lawsuit.

(R.1-19 at 3-4.) Based on these findings, the district court held that Racca did not "raise[ ] a sufficient basis to avoid the binding provisions of this contract and the terms of the contract are enforceable against [him]." (R.1-19 at 4.)

We find no error in the district court's grant of summary judgment to Celebrity. A passenger's failure to actually read the contractual provision at issue does not preclude his being bound. *Carpenter v. Klosters Rederi A/S*, 604 F.2d 11, 13 (5th Cir. 1979). The question is whether Racca received adequate notice of the limitations provision.

Although a passenger may almost never read all of the fine print on the ticket upon purchase, or as pleasure reading in the berth the first night at sea, the same passenger might very well be expected to consult the multifarious terms and conditions of the ticket/contract in the event of an accident resulting in a loss or injury.

*Nash*, 901 F.2d at 1568 (quotation and citation omitted). Here, after his injury, or certainly after one of his surgeries, it is not unreasonable to expect Racca to read the three-page contract which the face of the brochure directed him to. Moreover, even

4

though he consulted an attorney by July 2007, Racca waited another nine months to commence this lawsuit. We do not consider Racca's argument regarding his claims under Texas Consumer Protection Statutes because he failed to raise it in the district court. *See Krenkel v. Kerzner Int'l Hotels, Ltd.*, 579 F.3d 1279, 1282 n.3 (11th Cir. 2009). Racca's contention that there was unfairness, bad faith, and/or fraud is meritless. Finally, Racca's argument that the district court erred in granting Royal Caribbean summary judgment because Royal Caribbean was not a party to the agreement between Racca and Celebrity is without merit because he presents no argument on this appeal supporting liability on the part of Royal Caribbean.

AFFIRMED.