Kimberly **SORGENFREI**, Plaintiff,

v.

**CARNIVAL CORPORATION**, d/b/a Carnival Cruise Lines, and Steiner Management Services, LLC, Defendants.

Case No. 09–23271–CIV.

United States District Court, S.D. Florida.

July 20, 2010.

Howard Mitchell Bushman, Lance August Harke, Harke Clasby & Bushman LLP, Miami Shores, FL, Todd R. Slack, Gauthier Houghtaling & William, Metairie, LO, for Plaintiff.

Suzanne Brown Vazquez, Carnival Cruise Lines, Doral, FL, Darren Wayne

Friedman, Danielle Portia Rubin, Maltzman Foreman P.A., Miami, FL, for Defendants.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; CLOSING CASE

ALAN S. GOLD, District Judge.

This cause came before the Court on Motions for Summary Judgment by Defendant. Carnival Cruise Lines ("Carnival") [DE 17]. and by Defendant. Steiner Management Services, LLC ("Steiner") [DE 16]. The Court has reviewed the parties' written submissions, the record, and applicable law.

### I. BACKGROUND [1]

This case arises from a slip and fail in the spa area of a cruise ship. Plaintiff, Kimberly Sorgenfrei ("Sorgenfrei"), slipped and fell in the shower on the cruise ship, Carnival Conquest ("Conquest"), on April 9, 2004. (See Plaintiff's Opposition to Defendants' Motions for Summary Judgment ("Plaintiff's Opp.") [DE 25–1] at 2; see Carnival's Motion for Summary Judgment ("Carnival's Mot.") [DE 17] at 2). Prior to boarding the Conquest, Sorgenfrei received a Passenger Ticket Contract ("the Contract"). (See Carnival's Mot. at 2; see Steiner's Motion for Summary Judgment ("Steiner's Mot.") [DE 16] at 2).

The first page of the Contract contains the following notice in capital letters and bold print:

**IMPORTANT NOTICE TO OUR GUESTS: THE GUEST TICKET CONTRACT IN THIS BOOKLET CONTAINS CONDITIONS ON NUMBERED PAGES 1 THROUGH 11 IN THE REAR PORTION OF THIS**

**BOOKLET. YOUR ATTENTION IS DIRECTION TO THESE CONDITIONS, CERTAIN OF WHICH CONTAIN IMPORTANT LIMITATIONS ON RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST THE CRUISE LINE. VESSEL, OR THEIR AGENTS OR EMPLOYEES. PLEASE READ THE CONTRACT AND THESE TERMS AND RETAIN THE CONTRACT FOR FUTURE REFERENCE.**

(See Carnival's Mot., Ex. C; see Steiner's Mot., Ex. C).

As noted on the opening page, the Contract contained certain limitations information. Paragraph 14(a) of the contract provides that:

Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the guest, unless full particulars in writing are given to Carnival within 185 days after the date of injury, event, illness or death giving rise to the claim. Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death, and unless served on Carnival within 120 days after filing. Guest expressly waives all other possibly applicable state or federal limitations periods.

(See Carnival's Mot., Ex. C; see Steiner's Mot., Ex. C). The Contract also contained a forum selection clause, found at Paragraph 15:

[i]t is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Flori-

---

1. The parties acknowledge that no material facts are in dispute.

da in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami–Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

(*See Carnival's Mot.*, Ex. C; *see Steiner's Mot.*, Ex. C). Finally, the Contract contained a "Passenger Ticket Contract Acknowledgment," which Sorgenfrei completed, signed, and presented to the ship upon boarding. (*See Carnival's Mot.*, Ex. D; *see Steiner's Mot.*, Ex. D). Sorgenfrei signed the form directly below the lines which read, "[b]y signing below, all guests acknowledge that they have received, read, and agree to the Terms and Conditions of the Guest Ticket Contract." (*See id.*).

Sorgenfrei sent a letter to Carnival on May 3, 2004, advising Carnival that she had retained counsel to represent her regarding her injuries sustained on the Conquest. (*See Plaintiff's Opp.*, Ex. C). Carnival responded in July, 2004, with a letter stating that Steiner Management is an independent contractor responsible for the maintenance of the spa area where Sorgenfrei was injured, and that Sorgenfrei should contact Steiner directly. (*See Plaintiff's Opp.*, Ex. D). On April 11, 2005, Sorgenfrei filed suit against Defendants in the Civil District Court for the Parish of Orleans in the State of Louisiana, Case No.: 2005–04784. (*See Carnival's Mot.* at 3–4; *see Steiner's Mot.* at 3).[2]

On August 3, 2005, counsel for Carnival sent a letter to Sorgenfrei's counsel which stated, in relevant part:

> I advised the cruise upon which your clients were allegedly sailing is subject to a forum selection clause contained in

the Passenger Ticket Contract. The forum selection clause has been upheld by the United States Supreme Court in *Shute v. Carnival [Carnival Cruise Lines, Inc. v. Shute]*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

> This issue has been dealt with specifically within the Fifth Circuit. Enclosed is a copy of Judge Feldman's opinion in *Doran v. Carnival Cruise Lines, Inc.* as well as the Fifth Circuit's affirmance on this issue. Also enclosed is a copy of Judge Berrigan's recent holding in the matter of *McMillan v. Carnival*, Further, it has been upheld in the Civil District Court for the Parish of Orleans in the matter of *Manuel v. Carnival* (copy of opinion attached).

> The pertinent Terms and Conditions portion of the ticket contract reads:

>> It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, If at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami–Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

> As a result, we ask that you voluntarily dismiss Carnival from this litigation subject to the forum selection clause.

(Defendants' Joint Reply (*"Defendants' Reply "*) [DE 34–2] at 1–2).

---

**2.** Sorgenfrei's lawsuit was filed one year and three days after the April 9, 2004 incident The Louisiana state court deemed the Complaint timely filed under the one-year limitations provision because the one year anniversary of the injury fell on a Saturday. (*See Plaintiff's Opp.* at 2; (*see Carnival's Mot.* at 4, n. 3)).

Sorgenfrei did not voluntarily dismiss the case, and as of May, 2007, no responsive pleadings had been filed by either Carnival or Steiner in the state court case. (*See Plaintiff's Opp.* at 3). Sorgenfrei's counsel contacted Steiner and requested that action be taken in the case. (*See Plaintiff's Opp.*, Ex. 3). When Steiner did not respond, Sorgenfrei moved for default judgment against Carnival and Steiner, and a preliminary default judgment was entered against both defendants. (*See Plaintiff's Opp.*, at 3).

On January 23, 2008, Carnival filed a responsive pleading in the state court action, raising the issue of improper venue; Steiner filed a similar pleading in November, 2008. (*See id.*). On November 12, 2008 and February 10, 2009, Carnival and Steiner, respectively, were dismissed without prejudice in the state court action. (*See Carnival's Mot.*, Ex. B; *see Steiner's Mot.*, Ex. B). On October 28, 2009, Sorgenfrei filed suit against Carnival and Steiner in this Court. (*See Complaint* [DE 1] ). Defendants move for summary judgment in their favor on the grounds that Sorgenfrei's claims are barred by the Contract's one-year statute of limitations.

## II. LEGAL STANDARD

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir.1997), and "must resolve all reasonable doubts about the facts in favor of the non movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir.1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise property supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will property preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. 2505. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"For factual issues to be considered genuine, they must have a real basis in the record ... mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir.2005) (citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. 2548.

## III. ANALYSIS

### A. This Case to Governed by Maritime Law

■ As a threshold matter, the Court notes that this case is governed by maritime law. As the Eleventh Circuit has explained, "the substantive law applicable to this action, which involves an alleged tort committed aboard a ship sailing in navigable waters, is the general maritime law, the rules of which are developed by the federal courts." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir.1989) (citing *Kermarec v. Compagnie Generale Transatiantique*, 358 U.S. 625, 628, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959)).

Sorgenfrei attempts to apply Louisiana's state statute of limitations and state law regarding limitations tolling provisions, but this effort tails. Sorgenfrei cites no legal authority to support her position that Louisiana law should apply, and indeed, the law is well settled that maritime law governs personal injury actions sustained aboard cruise ships. *See, e.g., Keefe,* 867 F.2d at 1321; *Kermarec v. Compagnie,* 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (U.S. 1959) ("Kermarec was injured aboard a ship upon navigable waters. It was there that the conduct of which he complained occurred. The legal rights and liabilities arising from that conduct were therefore within the full reach of the admiralty jurisdiction and measurable by the standards of maritime law."); *Beard v. Norwegian Car-*ibbean Lines, 900 F.2d 71, 73 (6th Cir. Mich.1990) ("As the accident in this case occurred in navigable waters, federal maritime law, rather than state law, governs the resolution of this controversy."); *Milanovich v. Costa Crociere, S.p.A.,* 954 F.2d 763, 766 (D.C.Cir.1992) ("The Milanoviches' cruise ticket is a maritime contract and thus the substantive law to be applied in this case is the general federal maritime law, including maritime choice-of-law rules."). Accordingly, federal maritime law governs this action.

### B. Sorgenfrei's Lawsuit is Time–Barred

■ Congress has authorized cruise lines to shorten the limitations period on personal injury actions pursuant to 46 U.S.C. § 30508, which provides:

(b) Minimum time limits. The owner, master, manager, or agent of a vessel transporting passengers or property between ports in the United States, or between a port in the United States and a port in a foreign country, may not limit by regulation, contract, or otherwise the period for—

(1) giving notice of, or filing a claim for, personal injury or death to less than 6 months after the date of the injury or death; or

(2) bringing a civil action for personal injury or death to less than one year after the date of the injury or death.

"Courts will enforce such a limitation if the cruise ticket provided the passenger with reasonably adequate notice that the limit existed and formed part of the passenger contract." *Nash v. Kloster Cruise A/S,* 901 F.2d 1565, 1566 (11th Cir.1990).

Sorgenfrei does not argue that the limitations notice was unreasonable, and indeed, a review of the ticket contract reveals that its provisions comport with

Eleventh Circuit standards for reasonable notice. In *Nash*, the court found a limitations notice in a cruise ship ticket contract reasonable where the notice was less clear than the one in this case. The plaintiff in *Nash* claimed the limitations notice was not reasonable, because the first page of the ticket contract was covered with two detachable pages, such that the passenger was not made aware on the cover of the contract that important information was contained in the contract. *Id.* at 1567. When the detachable pages were removed, the front of the contract contained the following language: "NOTICE: THE PASSENGER'S ATTENTION IS SPECIFICALLY DIRECTED TO THE TERMS AND CONDITIONS OF THIS CONTRACT APPEARING ON PAGES 6, 7, AND 8." *Id.* Also on the cover was a notice stating: "Passengers are advised to read the terms and conditions of the Passenger Contract Ticket set forth below. Acceptance of this Passenger Contract Ticket by Passenger shall constitute the agreement of Passenger to these Terms and Conditions." *Id.* Page seven of the contract stated:

No suit ... for any cause against the carrier with respect to ... personal injury ... [shall] be maintainable, unless [such] suit shall be commenced within one (1) year from the day when the ... personal injury ... of the passenger occurred, notwithstanding any provision of law of any state or country to the contrary.

*Id.*

In this case, the front page of the contract reads,

IMPORTANT NOTICE TO OUR GUESTS: THE GUEST TICKET CONTRACT IN THIS BOOKLET CONTAINS CONDITIONS ON NUMBERED PAGES 1 THROUGH 11 IN THE REAR PORTION OF THIS BOOKLET. YOUR ATTENTION IS DIRECTION TO THESE CONDITIONS, CERTAIN OF WHICH CONTAIN IMPORTANT LIMITATIONS ON RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST THE CRUISE LINE, VESSEL, OR THEIR AGENTS OR EMPLOYEES. PLEASE READ THE CONTRACT AND THESE TERMS AND RETAIN THE CONTRACT FOR FUTURE REFERENCE.

(*Carnival's Mot.*, Ex. C; *see Steiner's Mot.*, Ex. C). Paragraph 14(a) of the contract provides that:

Carnival shall not be liable for any claims whatsoever for personal injury, illness or death of the guest, unless full particulars in writing are given to Carnival within 185 days after the date of injury, event, illness or death giving rise to the claim. Suit to recover on any such claim shall not be maintainable unless filed within one year after the date of the injury, event, illness or death, and unless served on Carnival within 120 days after filing. Guest expressly waives all other possibly applicable state or federal limitations periods.

The front page of the contract puts a cruise passenger on notice that she should review the entire contract, and even points out that important limitations on rights are contained within the contract. In accordance with *Nash*, then, because the notice of the one-year limitations period is reasonable, this Court will enforce the limitation. Sorgenfrei was required to file suit in this action within one year of her injury, pursuant to the limitations period contained in the ticket contract. Because she filed her lawsuit more than five years after the incident, Sorgenfrei's lawsuit is time-barred, and Defendants are entitled to summary judgment as a matter of law.

## C. Equitable Tolling Does Not Apply in this Case

██ Sorgenfrei argues that even if the limitations period had passed when she filed her lawsuit, she should nonetheless be permitted to move forward in this action on the ground of equitable tolling. Sorgenfrei relies on the Eleventh Circuits decision in *Booth v. Carnival Corp.*, 522 F.3d 1148 (11th Cir.2008) in support of her position.[3] However, Sorgenfrei's case is distinguishable from *Booth*.

In *Booth*, the plaintiff was the estate of an individual who was killed in a fatal scuba diving accident while on a cruise. *Id.* at 1149. The decedent's cruise ticket contained a one-year limitations period, as well as a forum selection clause that required that suit be brought in federal court in the Southern District of Florida, or, if the federal court lacked subject matter jurisdiction, suit was to be brought in the state courts of Miami–Dade County, Florida. *Id.*

Plaintiff filed his lawsuit in state court in Miami–Dade County on July 5, 2005, just 16 days before the limitations period would expire. *Id.* On December 29, 2005, while the state case was pending, but after the one-year limitation period had run, plaintiff filed an action identical to the state court case in federal court, which was administratively closed pending the outcome of the state case. *Id.* at 1149–50. The state court initially denied defendant's motion to dismiss on the ground that it had waived its venue defense, but on appeal the defendant prevailed, and the suit was dismissed for improper venue. *Id.* at 1150. The district court case was then re-opened,

and the defendant moved to dismiss because the statute of limitations had run. *Id.* The district court denied the motion, and an interlocutory appeal followed. *Id.*

On appeal, the Eleventh Circuit held that the suit would not be dismissed on limitations grounds, as principles of equitable tolling were applicable. *Id.* The court began by noting that "[t]he Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly," and that "[t]he burden is on the plaintiff to show that equitable tolling is warranted." *Id.* (citing *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir.1993)). Notwithstanding the burden and rarity of equitable "tolling, the court explained that lolling may be appropriate when a plaintiff timely files a technically defective pleading and in all other respects acts with the proper diligence ... which ... statutes of limitation were intended to insure." *Id.* (internal quotation marks omitted).

The court found various factors weighed in favor of equitable tolling under the specific circumstances of the case. First, the plaintiff filed the suit in a court of competent jurisdiction. *Id.* at 1152. The court noted that had the plaintiff filed the lawsuit in a court without jurisdiction, the statute of limitations would not have been tolled. *Id.* The court also pointed out that although the plaintiff filed his federal suit after the limitations period had expired, the defendant was well aware during the limitations period that the plaintiff was diligently pursuing his cause of action against them. *Id.* The court reasoned that

> The underlying policy of repose, reflected in the agreed-upon limitation pe-

---

**3.** *Booth* is recognized as the controlling case in this district on the issue of equitable tolling in cruise line cases.

riod, and designed to assure fairness to Carnival, is not violated by equitable tolling in this case. To the contrary, the interests of justice are best served here, as in Burnett [v. New York Cent. R. Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965)] by allowing the parties to resolve Booth's claims on the merits.

Id. The court further found that equitable tolling was warranted because the plaintiff had pursued his claim "with proper diligence." Id. at 1153. At the district court level, the court noted that the improper venue defense had been waived by defendant. Booth v. Carnival Corporation, 510 F.Supp.2d 985, 990 (S.D.Fla.2007), aff'd, 522 F.3d 1148 (11th Cir.2008). When Carnival was served with the state court complaint, it requested two extension of time in which to respond, which placed Carnival's response well after the one-year limitations period had expired. Id. When Carnival did respond to Booth's complaint it filed a motion to dismiss but did not raise improper venue as a defense. Carnival then filed an amended motion to dismiss, in which it raised the venue defense. Booth then contacted Carnival, and offered to voluntarily dismiss the state court lawsuit and refile in federal court, if Carnival would waive Its statute of limitations defense. Carnival refused to waive the limitations defense.

Both the district court and the court of appeals determined that equitable tolling should apply, as Booth had a "reasonable (though eventually erroneous) belief that Carnival had waived [its venue] defense." Booth, 522 F.3d at 1153. The court determined that the plaintiff had not slept on his claim, and upheld the district court's determination to equitably toll the parallel federal action during the pendency of the state suit. Id.

Sorgenfrei claims that the facts of her case mandate equitable tolling under the principles of Booth. However, numerous factual differences exist between Booth and the instant case to render equitable tolling inappropriate. Here, Sorgenfrei filed her lawsuit in state court in Louisiana on April 11, 2005, the last possible day before the statute of limitations barred the action.[4] Counsel for Carnival sent a letter to Sorgenfrei's counsel on August 3, 2005, advising that the ticket contract contained a forum selection clause, and explained that forum selection clauses have been upheld by the Supreme Court and the Fifth Circuit Court of Appeals. Counsel requested that Sorgenfrei voluntarily dismiss the lawsuit in light of the forum selection clause. However, Sorgenfrei did not voluntarily dismiss the state action, nor did she file a lawsuit in federal court in the Southern District of Florida, as was required. Instead, Sorgenfrei waited until June, 2007—almost two years later—to move for a default against the defendants, who had not filed responsive pleadings in the state action.

Carnival and Steiner sought dismissals in the state action on venue grounds on January 23, 2008, and November, 2008, respectively. Again, Sorgenfrei took no action to properly file the suit in federal court. On November 12, 2008, Carnival obtained dismissal of the case against it, and on February 10, 2009, Steiner obtained a dismissal of the state action. Sorgenfrei then waited until October, 2010, to file her lawsuit against Carnival and Steiner in federal court in the Southern District of Florida.

---

**4.** As noted above, Sorgenfrei's suit was filed one year and three days after the injury had occurred, as the last day of the limitations period fell on a Saturday.

Sorgenfrei now argues that her situation is comparable to that found in *Booth*, and urges this Court to apply the principles of equitable tolling and allow her to pursue this untimely action. Sorgenfrei's actions in pursuing her lawsuit in no way compares to *Booth* where, although the federal suit was untimely filed, the plaintiff had diligently pursued her claim, and filed the lawsuit in the federal court upon being made aware of the venue provision. Instead, Sorgenfrei's actions are considerably more akin to those found in two recent cases in this district: *Borton v. Carnival Corporation*, Case No. 09–21155–CIV–ALTONAGA, 2009 WL 2989562 (S.D. Fla. June 23, 2009), and *Crist v. Carnival Corporation*, Case No. 08–23144–CIV–SEITZ, 2010 WL 2695603 (S.D.Fla. March 1, 2010).

In both *Borton* and *Crist*, the plaintiffs improperly filed suit against Carnival in state courts. The plaintiffs were made aware of the forum selection clause in the ticket contract that required the cases be filed in federal court in the Southern District of Florida, but did not file a parallel action, as did the plaintiff in *Booth*. Instead, the plaintiffs waited until the state actions were resolved in Carnival's favor based on the valid forum selection clause, and then filed suit in federal court, well past the one-year limitations periods. The district court found in each case that the plaintiff had not been placed in an inequitable situation, as was the case in *Booth*. Instead, the district courts found that plaintiffs had slept on their rights and

failed to diligently pursue their claims. Under those circumstances, equitable tolling was not warranted, and both cases were dismissed as time-barred.

The facts of this case mandate the same result. The manner in which Sorgenfrei pursued her claims against Carnival and Steiner is the antithesis of diligent. The notice of the one-year limitations period and forum selection clause were part of her ticket contract, and were reasonable under Eleventh Circuit standards. Sorgenfrei filed suit on the last possible day within the limitations period in the wrong court, in the wrong state. After being notified by Carnival that it did not intend to waive its venue defense, Sorgenfrei did nothing. After the defendants moved for dismissal based on the venue defense, Sorgenfrei did nothing. After the state court cases were dismissed based on venue, Sorgenfrei did nothing for almost a year. Having slept on her rights, Sorgenfrei may not avail herself of the extraordinary remedy of equitable tolling.[5]

## IV. CONCLUSION

Because no material facts are in dispute in this case, because Sorgenfrei's suit is time-barred by the ticket contract's one-year limitations period, and because equitable tolling does not apply in this case, both Carnival and Steiner are entitled to summary judgment as a matter of law. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that:

---

**5.** As the Defendants point out in their Joint Reply, even if the Court were to determine that equitable tolling was appropriate here, Sorgenfrei's claim would still be time barred. Equitable tolling would serve to toll time from running only during the pendency of the misfiled lawsuit. Because Sorgenfrei filed her state court lawsuit on the last day of the limitations period, she would have had to refile the case in the proper court on the same day her state court case was dismissed, or her claim would be time barred in spite of the equitable tolling. As discussed above, Sorgenfrei did not file suit in the proper venue until almost a year after her state court case was dismissed.

1. Carnival's Motion for Summary Judgment [**DE 17**] is **GRANTED**.

2. Steiner's Motion for Summary Judgment [**DE 16**] is **GRANTED**.

3. A Final Judgment will be entered as a separate docket entry.

4. This case is **CLOSED**.

5. The Oral Argument set for July 30, 2010 is **CANCELED**.

6. All pending motions are **DENIED as moot**.