[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13660

_____

KEITH STANSELL,
MARC GONSALVES,
THOMAS HOWES,
JUDITH G. JANIS,
as Personal Representative and sole heir of the
Estate of Greer Janis,
CHRISTOPHER T. JANIS,
MICHAEL I. JANIS,
JONATHAN N. JANIS,

Plaintiffs-Appellees,

*versus*

SAMARK JOSE LOPEZ BELLO,
YAKIMA TRADING CORPORATION,
EPBC HOLDINGS, LTD.,

2                 Opinion of the Court                 20-13660

1425 BRICKELL AVE 63-F LLC,
1425 BRICKELL AVE UNIT 46B LLC,
1425 BRICKELL AVE 64E LLC,
 200G PSA HOLDINGS LLC,
LEUCADENDRA 325 LLC,
MFAA HOLDINGS LIMITED,

                                            Movants-Appellants,


REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC),
et al.,

                                            Defendants.


———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:09-cv-02308-CEH-AAS

———————————————

Before WILLIAM PRYOR, Chief Judge, JORDAN, Circuit Judge, and
BROWN, District Judge.*

———————————————

* The Honorable Michael L. Brown, United States District Judge for the
Northern District of Georgia, sitting by designation.

JORDAN, Circuit Judge.

In 2010, four plaintiffs sued the Revolutionary Armed Forces of Colombia (the Fuerzas Armadas Revolucionarias de Colombia or FARC) and related parties under the Anti-Terrorism Act, 18 U.S.C. § 2333.  They based their claims on the FARC's commission of offenses like kidnapping and murder in Colombia.[1]

The plaintiffs obtained a default judgment against the defendants in the Middle District of Florida, and based on their submissions the district court awarded them significant damages. Collectively, the plaintiffs were awarded $106 million in compensatory damages, and that amount was trebled under § 2333 so that the total was $318 million.  The final judgment entered by the clerk described the monetary awards to each of the plaintiffs (including the trebled portions) as "compensatory damages."  D.E. 233 at 1.

After obtaining that judgment, the plaintiffs sought to attach the assets of third parties blocked by the Office of Foreign Assets Control. *See, e.g., Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 722 (11th Cir. 2014).  As relevant here, in 2019 the plaintiffs instituted garnishment proceedings in the Southern District of Florida to attach the assets of Samark López Bello and several limited liability companies he owns or controls. The

---

[1] This appeal was previously consolidated with Case Nos. 20-11736, 20-12467, & 20-12545.  Because this appeal arises out of different proceedings before a different district court, we sever it from the other appeals and resolve it separately in this opinion.

plaintiffs alleged that Mr. López and his companies (whom we refer to as the López appellants) were agencies or instrumentalities of the FARC under § 201(a) of the Terrorism Risk Insurance Act, Pub. L. No. 107-297, codified as a note to 28 U.S.C. § 1610.

Under § 201(a), the "total amount of the execution cannot exceed the amount of compensatory damages." *Stansell*, 771 F.3d at 723. Invoking Rule 60(a) of the Federal Rules of Civil Procedure, the López appellants filed a motion in this case asking the district court to amend the final judgment by removing the references to "compensatory damages." They argued that the clerk of court erred in characterizing the trebled amounts of the awards as "compensatory damages" when the court itself had not described them in that way. In their view, the compensatory damages totaled $106 million, and execution and attachment therefore could not exceed that amount. *See* D.E. 1205. The requested correction of the judgment would help the López appellants because the plaintiffs would not be able to attach third-party assets once they collected $106 million.

The district court denied the Rule 60(a) motion in a written order. *See* D.E. 1222. First, after reviewing the prior orders and judgments, the court concluded that it had intended for the treble damages to serve as compensatory damages. *See id.* at 9–10. Second, even if treble damages under the ATA were considered punitive and were incorrectly characterized as compensatory, that sort of error affected the parties' substantial rights and could not be

20-13660               Opinion of the Court                    5

corrected under Rule 60(a), which deals with clerical mistakes, oversights, and omissions. *See id.* at 10–14.

On appeal, the López appellants contend that the district court erred in denying their Rule 60(a) motion. We disagree and affirm.

Rule 60(a) provides that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." We review a Rule 60(a) ruling "for abuse of discretion. But the determination of whether it is Rule 60(a) that authorizes the correction—as opposed to Rule 59(e) or Rule 60(b)—is a question of law that we review de novo." *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 193 (5th Cir. 2011).

Statutes providing for treble damages "defy easy categorization as compensatory or punitive in nature. Whether treble damages under a given statute are considered compensatory or punitive is an intensely fact-based inquiry that may vary statute-to-statute." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 777 (11th Cir. 2011) (citing various Supreme Court cases). Regardless of how treble damages under the ATA are characterized—a question we do not address today—the correction sought by the López appellants was not clerical or ministerial in nature and therefore not permitted by Rule 60(a).

"Errors that affect substantial rights of the parties . . . are beyond the scope of [R]ule 60(a)." *Mullins v. Nickel Plate Mining Co.*,

691 F.2d 971, 973 (11th Cir. 1982). A motion under Rule 60(a) "only can be used to make the judgment . . . speak the truth and cannot be used to make it say something other than what originally was pronounced." 11 Mary Kay Kane, Fed. Prac. & Proc. § 2854 (3d ed. & Apr. 2022 update). What the López appellants requested was a material alteration as to the nature of the damages awarded to the plaintiffs by the district court in 2010. That correction, if made, would affect the substantial rights of both the plaintiffs and the López appellants because the judgment amount subject to attachment under § 201(a) of the TRIA would be reduced by over $200 million (from $318 million to $106 million).

Moreover, a "district court's interpretation of its own [prior] order is properly accorded deference on appeal when [that] interpretation is reasonable." *Cave v. Singletary*, 84 F.3d 1350, 1354 (11th Cir. 1996). Here, the district court found that the intent was for the entire $318 million to be deemed compensatory, and we see no abuse of discretion (or clear error) in that regard. For example, in granting subsequent writs of garnishments the court explained that the plaintiffs' judgment was "solely for compensatory damages." D.E. 252 at 3; D.E. 261 at 3; D.E. 300 at 12; D.E. 322 at 11. And where the judgment as written reflects the intent of the court, Rule 60(a) does not permit correction of an error of law. *See Estate of West v. Smith*, 9 F.4th 1361, 1368 (11th Cir. 2021); *Warner v. City of Bay St. Louis*, 526 F.2d 1211, 1212 (5th Cir. 1976).

**AFFIRMED.**