[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14139

Non-Argument Calendar

_____

TARA MCCLUSKEY EL,

Plaintiff - Appellant,

*versus*

CELEBRITY CRUISES, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-24706-KMW

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Tara McCluskey El, proceeding pro se, sued Celebrity Cruises alleging negligence after a slip-and-fall accident on a cruise ship. We affirm the district court's grant of summary judgment for Celebrity, as the action was filed outside the contractually agreed upon statute of limitations, and McCluskey El had constructive notice of that contract even if she never read it. None of McCluskey El's arguments for equitable tolling are persuasive. And the district court did not abuse its discretion by denying McCluskey El's post-judgment motions for reconsideration and to amend. We affirm the lower court in full.

## I.

McCluskey El—a California native—slipped and fell while exiting the jacuzzi on September 29, 2019 during a cruise around Spain. She sued the ship's operator, Celebrity Cruises, for negligence in November 2020. Her complaint notes that she is "submitting my claim a short time after September 29, 2020" due to the COVID-19 pandemic and her injury. Celebrity moved to dismiss, attaching a copy of the contract included with each ticket sale and an affidavit from an employee of Celebrity's parent company. The contract bore the name Tara McCluskey, and said that maritime tort actions must be filed within one year of the date they occurred. And the affidavit explained that several days before the cruise, Life Journeys—who McCluskey El paid to book and

arrange her cruise as part of a group—requested (and received) a copy of the contract. The affidavit also states that the contract was always accessible on Celebrity's website.

McCluskey El asserted in a sworn statement that she neither received the contract pre- or post-cruise nor had an opportunity to become meaningfully informed about its modification to the default statute of limitations. But a forum selection clause in the contract required her to bring suit in the Southern District of Florida, which she did. Alternatively, she argued that the contractually imposed statute of limitations should be equitably tolled because the contract was unconscionable, because of the pandemic, because an attorney she consulted with said (incorrectly) that she had two years to file her claim, and because Celebrity failed to inform her about the statute of limitations. While she argues on appeal that she could have filed her complaint in California state court, where some statutes of limitations were equitably tolled during the pandemic, she did not raise this argument in the district court.

The district court appointed a magistrate judge to consider the case, who construed the motion to dismiss as one for summary judgment under Federal Rule of Civil Procedure 12(d). The magistrate judge gave McCluskey El multiple opportunities to submit whatever evidence she wished. Ultimately, she recommended summary judgment for Celebrity. She found that Life Journeys was McCluskey El's agent, and that she had

constructive notice of the contract when it was sent to Life Journeys. Alternatively, the magistrate judge noted that the contract was publicly available for viewing before, during, and after the cruise on Celebrity's website. What mattered was the opportunity to read the contract, not whether McCluskey El had done so. Finding McCluskey El's equitable tolling arguments equally unpersuasive, the district court accepted the recommendation and granted summary judgment for Celebrity.

McCluskey El moved for reconsideration, which the district court denied for substantially the same reasons as its initial judgment. She also moved to amend that motion for reconsideration and to correct a clerical error. The district court denied this as moot given the earlier dismissal of the reconsideration motion. McCluskey El timely appealed the district court's decisions on these two motions, alongside its grant of summary judgment for Celebrity.

## II.

This Court reviews de novo the district court's grant of summary judgment. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011). Whether the terms of a cruise-ticket contract were adequately communicated to passengers is a question of law, so we review it de novo—just like our review of a district court's decisions about equitable tolling. *See Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1567 (11th Cir. 1990); *Chang v. Carnival Corp.*, 839 F.3d 993, 996 n.4 (11th Cir.

2016).  Conversely, we consider denials of motions to reconsider, amend, or correct clerical errors for abuse of discretion.  *See Lambert v. Fulton Cnty., Georgia*, 253 F.3d 588, 598 (11th Cir. 2001); *Stansell v. López*, 40 F.4th 1308, 1311 (11th Cir. 2022).

### III.

McCluskey El is correct that in general, there is a three-year statute of limitations to file maritime tort actions.  46 U.S.C. § 30106.  However, federal statute permits parties to adjust that time period via contract.  46 U.S.C. § 30526(b)(2).  Such adjustments are valid if they are reasonably communicated to passengers.  *See Krenkel v. Kerzner Int'l Hotels, Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009).  So here, we assess if McCluskey El had the ability to become meaningfully informed of the contract's terms and to reject them (though non-negotiated contracts are acceptable).  *Id.*

Our precedent states that whether a passenger "chose to avail themselves of the notices and to read the terms and conditions is not relevant to the reasonable communicativeness inquiry." *Est. of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1246 n.42 (11th Cir. 2012), *superseded by statute on other grounds as stated in Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1364 n.2 (11th Cir. 2018).  The magistrate judge was correct in assessing whether McCluskey El had the *opportunity* to read it.  Providing those terms in a travel packet was such an opportunity.  *Id.* at 1246.

Here, Life Journeys received that packet, not McCluskey El.  While McCluskey El disputes how to label her relationship with

Life Journeys, she does not dispute the substance of it—she paid the company to book and pay for her ticket on the vessel, which it did.    And the record is full of examples of McCluskey El communicating with, and issuing specific instructions to, Life Journeys.    That is the quintessential principal-agent relationship between a travel agent and their client. *See, e.g.*, *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1238 (11th Cir. 2000).    We generally hold that constructive notice exists when an agent accepts contract documents on behalf of their principal. *See, e.g.*, *Windward Traders, Ltd. v. Fred S. James & Co.*, 855 F.2d 814, 820 (11th Cir. 1988).    Here, that notice to the agent is sufficient to provide constructive notice to McCluskey El.

Even if not, we agree with the district court that McCluskey El never argued that anything prohibited her from accessing the terms of the contract online before, during, or after embarking on the cruise or suffering her alleged injuries.    In short, there is no evidence that McCluskey El lacked constructive knowledge about the one-year statute of limitations in the ticket contract.[1]    To the

---

[1] McCluskey El argues that the affidavit was improperly considered, which created cumulative error.    We need not decide whether cumulative error could apply in a civil case, because on appeal she only identifies this one error, which by definition is not cumulative. *United States v. Leonard*, 4 F.4th 1134, 1147 (11th Cir. 2021).    And regardless, the district court properly considered Celebrity's affidavit.    McCluskey El first objected to the entire affidavit in her

contrary, she expressed familiarity with the contract in her complaint, which was filed in the correct venue and attempted to justify why it was submitted more than one year after the accident. Given that notice, the district court correctly concluded that McCluskey El's suit was untimely under the agreed-upon statute of limitations.

And we agree that none of McCluskey El's equitable tolling arguments are compelling, as "tolling is an extraordinary remedy

---

amended response to the defendant's motion to dismiss. But in a subsequent sworn statement, McCluskey El did not dispute Celebrity's claims in the affidavit that it provided the contract to Life Journeys before the cruise. And rather than dispute the existence of an online contract, she only asks "[h]ow would Plaintiff know" about it. Finally, in her objections to the report and recommendation and on appeal, she asserts that the entire affidavit is fraudulent. Her bare and baseless assertions of fraud, unsupported by fact or legal arguments, are abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014). On appeal, she does not raise any arguments about the legally relevant portions of the affidavit—that Celebrity emailed Life Journeys the contract before the cruise, and that it was available on the website regardless—other than fraud. That is a sufficient reason to affirm, as "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Even if we considered her arguments disputing the substance of the affidavit, McCluskey El's sworn statement never disputes the affidavit's legally relevant claims—she only denies knowledge of the online contract, and asserts that she cannot verify that Celebrity emailed Life Journeys the contract. Drawing inferences in McCluskey El's favor and assuming that she did not read either the online or emailed contract, she still had several reasonable opportunities to become informed of the terms if she chose to do so. *See Est. of Myhra*, 695 F.3d at 1246 n.42.

which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). *First,* the contract was not unconscionable. Federal statute explicitly permits parties to use contracts to agree to a one-year statute of limitations for maritime tort actions. 46 U.S.C. § 30526(b)(2). We have interpreted that statute to be valid. *Nash,* 901 F.2d at 1566.

*Second*, generalized assertions that the COVID-19 pandemic was a just cause for equitable tolling are insufficient. McCluskey El identifies no Eleventh Circuit precedent where the pandemic resulted in equitable tolling of a statute of limitations. To the contrary, as the lower court noted, McCluskey El "filed her Complaint despite these obstacles, without an attorney, in the midst of the pandemic, in November 2020." Nor did she assert any individualized facts about her situation that would make her case analogous to past instances where we have waived the statute of limitations in the maritime tort context. *See, e.g.*, *Booth v. Carnival Corp.*, 522 F.3d 1148, 1149–50 (11th Cir. 2008).

*Third*, though McCluskey El points out that California state courts waived statutes of limitations for 180 days in response to the pandemic, that argument is legally irrelevant. She first raised this issue on appeal, which is too late to preserve it. *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994). And, in any event, California is not in the Eleventh Circuit—its state-court decisions are persuasive authority at best for this Federal Court of Appeals.

*Fourth*, it is unfortunate for McCluskey El that an attorney she spoke with erroneously told her she had two years to file her claim.  But this kind of error is insufficient to create equitable tolling.  *Cadet v. Florida Dep't of Corr.*, 853 F.3d 1216, 1227 (11th Cir. 2017).

*Finally*, McCluskey El argues that Celebrity did not tell her about the statute of limitations, even when it knew that she intended to file a claim.  But would-be defendants are under no duty to inform potential plaintiffs that the statute of limitations is running.  *Raziano v. United States*, 999 F.2d 1539, 1542 (11th Cir. 1993).  The district court correctly determined that each of these arguments was an insufficient basis to equitably toll the statute of limitations, and dismissal of the action as untimely was thus proper.

As for the post-judgment motions, we likewise find no error. There was no newly discovered evidence or manifest errors of law or fact, so the district court properly denied McCluskey El's motion for reconsideration.  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  These motions may not be used to relitigate matters "that could have been raised prior to the entry of judgment."  *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). And the later motion to correct and amend the reconsideration motion impermissibly attempted to correct substantive errors, so it was also properly denied.  *See Stansell*, 40 F.4th at 1311.

★    ★    ★

We **AFFIRM** the district court's grant of summary judgment for Celebrity Cruises, and its denial of McCluskey El's subsequent motions.