[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13228
Non-argument Calendar
_____

D.C. Docket No. 1:14-cv-20822-UU

GRACITA CHANG,

Plaintiff–Appellant,

versus

CARNIVAL CORPORATION,
a Panama Corp. d.b.a. Carnival
Cruise Lines,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 6, 2016)

Before HULL, MARCUS, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This action involves a single maritime negligence claim.  Plaintiff Gracita Chang alleged that she slipped and fell on Defendant Carnival Corporation's cruise ship.  More than a year after the incident, Plaintiff filed suit in federal court.  Defendant moved for summary judgment based on the one-year limitation period for filing such suits set out in Plaintiff's cruise ticket.  Plaintiff acknowledged that she missed this deadline, but argues that this limitation period should be extended based on the doctrine of equitable tolling.  The district court rejected this argument and agreed with Defendant that Plaintiff had untimely filed suit.  The court entered judgment for Defendant.  Plaintiff now appeals that order.  We affirm.

## BACKGROUND

For purposes of this appeal, the undisputed facts of this action are as follows.  On December 9, 2012, while aboard Defendant's cruise ship, Plaintiff slipped and fell.  Plaintiff's cruise ticket contains several restrictions governing Plaintiff's right to sue Defendant.  Most importantly, the ticket contains a time limitation within which to file suit and a forum-selection clause.  The time-limitation provision disallows a suit filed more than one year after the date of the injury.  The forum-selection clause requires Plaintiff to file suit in federal court—and specifically in the Southern District of Florida—so long as there is subject matter jurisdiction in federal court over Plaintiff's claim.  Only if subject matter jurisdiction is lacking in

2

federal court may Plaintiff file suit in state court, and then suit can be filed only in a court located in Miami-Dade County, Florida.[1]

Plaintiff retained a California attorney to litigate her slip-and-fall claim against Defendant.  Aware of the impending litigation, Defendant twice informed Plaintiff's attorney (both on September 4, 2013, and on October 22, 2013) that it would not waive its rights under the forum-selection clause.[2]  Less than a month later, on November 20, 2013, Plaintiff substituted Florida counsel for her California counsel.  Then, on December 4 or 6, 2013—just a few days before expiration of the one-year deadline—Plaintiff filed her slip-and-fall claim in a Florida state court, not federal court, as she was required to do.

On January 28, 2014, Defendant moved to dismiss the state-court action, asserting Plaintiff's violation of the forum-selection clause.  While this motion to dismiss was pending in state court, Plaintiff switched gears, and on March 4, 2014,

---

[1]  The ticket's one-year limitation states, "Suit to recover on any [personal injury] claim shall not be maintainable unless filed within one year after the date of the injury . . . ."  The ticket's forum-selection clause states that any personal injury action must "be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country."

[2]  Both communications stated:

> All rights in equity, law, and those contained within the guest cruise ticket contract are expressly reserved, including the forum selection / venue provision requiring all passenger lawsuits against [Defendant] to be filed in the United States District Court for the Southern District of Florida in Miami, Florida. [Defendant] will not waive its contractual defense if a lawsuit is filed in the wrong court.  (Emphasis added).

3

before the state court resolved Defendant's motion, Plaintiff filed this parallel federal action.  The federal action, however, was filed almost three months after the one-year limitations period had elapsed.

Defendant moved for summary judgment in federal court based on Plaintiff's failure to file suit within the time limitation set out on the cruise ticket. Plaintiff agreed that the one-year limitation binds her, but argued that, by filing the state court action within a year of her injury, the limitation period had been equitably tolled.  The district court concluded that Plaintiff had failed to justify any equitable tolling and therefore had run afoul of the limitation period.  The court entered summary judgment for Defendant.  Plaintiff appeals that ruling.

## DISCUSSION

Plaintiff agrees that the one-year limitation binds her and that more than a year elapsed between her injury and the filing of this action.[3]  Nonetheless, Plaintiff argues that she should be deemed to have satisfied the one-year limitation because she filed suit in state court within a year and that filing equitably tolled the limitation.  Defendant responds that Plaintiff's filing of the state-court action failed to equitably toll the limitation because Plaintiff's ticket contained a clause requiring the selection of a federal forum so long as there was federal jurisdiction;

---

[3]  The one-year limitation arises from a contract, not a statute, but that makes no difference here. *Bailey v. Carnival Cruise Lines, Inc.*, 774 F.2d 1577, 1579 n.3 (11th Cir. 1985) ("There is 'no essential difference between contractu[]al and statutory limitations.'").

4

there clearly was federal jurisdiction over the claim; and Defendant had made clear to Plaintiff that it would insist on her compliance with the forum-selection clause. We agree.[4]

As to Plaintiff's effort to excuse her untimely filing by invoking equitable tolling, "[t]he Supreme Court has made clear that tolling is an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). To be in a position to advance a tolling argument, due diligence is a necessary, though not sufficient, prerequisite that a plaintiff must satisfy. *Id.* Further, a late filing based on "garden-variety" negligence is not sufficient to warrant tolling. *Id.* at 1480. In addition, the interests of justice on which a tardy plaintiff relies do not support a plaintiff who has "not file[d] her action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running." *Id*. at 1479. Finally, it is the plaintiff's burden to show that equitable tolling is warranted. *Id.*

---

[4] The parties agree that "the question of whether equitable tolling applies is a legal one subject to *de novo* review." *Booth v. Carnival Corp.*, 522 F.3d 1148, 1149 (11th Cir. 2008). Our opinions on the standard of review however, are inconsistent. *See, e.g.*, *Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006) (reviewing the district court's application of equitable tolling for an abuse of discretion). However, our earliest opinions on the issue engaged in *de novo* review. S*ee*, *e.g.*, *Bailey v. Carnival Cruise Lines, Inc.*, 774 F.2d 1577, 1578 (11th Cir. 1985). We must follow those opinions. *Morrison v. Amway Corp.*, 323 F.3d 920, 929 (11th Cir. 2003) ("[W]hen circuit authority is in conflict, a panel should look to the line of authority containing the earliest case."). In any event, a more deferential abuse-of-discretion standard would produce the same result in this appeal.

Notwithstanding the above, we have on, at least one occasion, found equitable tolling where a plaintiff subject to a forum-selection clause filed a federal suit late, having earlier filed, in the wrong forum, a timely state court action. In *Booth v. Carnival Corporation*, 522 F.3d 1148 (11th Cir. 2008), a cruise passenger who was subject to the same forum selection clause present here timely filed his negligence action in state court (sixteen days prior to expiration of the limitations period) before later filing an action in the federal court dictated by the forum-selection clause; the federal action was filed past the one-year deadline. *Id*. at 1149–50.

The district court denied the defendant's motion to dismiss. *Booth*, 522 F.3d at 1149. We affirmed that court's ruling, finding applicable equitable tolling on the particular facts before us. *Id.* at 1150–53. In doing so, we focused on a combination of four factors. First, the "state court . . . possessed subject matter jurisdiction concurrently with the federal courts." *Id.* at 1153. Second, "the state suit was dismissed solely on grounds of improper venue." *Id.* Third, the defendant was aware prior to expiration of the limitation period that the plaintiff intended to file suit. *Id.* Fourth, the plaintiff "was entitled to believe that his state filing might be sufficient given the fact that defendants can, and often do, waive their defense of improper venue." *Id.*

6

From all of the above, *Booth* concluded that the plaintiff had prosecuted his claim with the diligence necessary to warrant consideration of an equitable tolling claim and therefore the limitations period was properly tolled from the date on which he filed his state-court action. *Id.* at 1158. Although the parties seemingly agree that the first three factors identified above are present here, clearly the fourth factor is not. That is, prior to expiration of the limitations period, Defendant twice notified Plaintiff of its insistence that Plaintiff adhere to the forum-selection clause—that is, that Plaintiff file suit in the federal district court in the Southern District of Florida. Instead of complying with a provision of the contract that Defendant had explicitly and timely brought to Plaintiff's attention, Plaintiff instead chose to file her suit in the wrong forum. This was not the conduct of the plaintiff in *Booth*. And, unlike in *Booth*, Plaintiff here could have been under no misapprehension that Defendant would decline to hold her feet to the fire.

Specifically, before the district court, Defendant submitted an affidavit from its Senior Claims Representative, who averred (1) that "[o]n September 4, 2013, [he] drafted and mailed" the first communication to Plaintiff's California attorney and (2) that "[o]n October 22, 2013, [he] drafted, telefaxed and mailed" the second, similar communication to Plaintiff's California attorney. Defendant attached to the affidavit both communications, which clearly explain that Defendant would not

7

waive its forum-selection defense.  There is no evidence that the letters were not mailed to the proper address.

In response to the above evidence, Plaintiff provided nothing other than unsupported assertions suggesting the possibility that her California attorney might have failed to receive the communications or might have failed to advise Plaintiff or her Florida counsel of Defendant's warning.  But such assertions are not evidence.  *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013) ("Statements by counsel in briefs are not evidence . . . .").[5]  Moreover, "the burden is on the plaintiff to show that equitable tolling is warranted."  *Booth*, 522 F.3d at 1150.  With no evidence in opposition to that presented by Defendant, Plaintiff clearly failed to shoulder her burden.  *See Pines v. Warnaco, Inc.*, 706 F.2d 1173, 1178 (11th Cir. 1983) (rejecting a plaintiff's similar arguments[6]); 10B Charles

---

[5]  Even those unsupported assertions fail to squarely state that Plaintiff's California attorney did not timely relay Defendant's communications.  Nor is it clear that it would make a difference if Plaintiff had offered such evidence.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) ("Under our system of representative litigation, 'each party . . . is considered to have notice of all facts, notice of which can be charged upon the attorney.'").

[6]  *Pines* held that a one-year limitation barred the plaintiff's fraud claim because the plaintiff should have known of the underlying fraud more than a year before he sued.  The *Pines* plaintiff had argued against summary judgment by asserting that the limitation should begin later.  The *Pines* court rejected that contention.

> Although [the plaintiff] argues that there was a factual dispute whether he should have discovered the fraud more than a year before filing suit, mere allegations cannot defeat summary judgment.  And [the plaintiff] can point to no evidence supporting his allegation that he was prevented from obtaining information [about the fraud].

706 F.2d at 1178 (citation omitted).

Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2734 (3d ed. 2015) ("[W]hen a summary-judgment motion is based on the running of the applicable statute of limitations and defendant shows that the prescribed period has elapsed, plaintiff may be able to defeat summary judgment by introducing facts, by affidavits or other evidence, raising a genuine issue whether the statute should be suspended. . . . But the motion should not be denied on the mere chance that there might be facts that would toll the statute.").

Here, Plaintiff was specifically warned by Defendant that the latter intended to enforce the forum-selection clause, but Plaintiff chose to ignore that warning by filing suit in an incorrect forum, which decision directly led to the need to file suit late in the correct forum. If, on these facts, a plaintiff could circumvent the forum-selection clause, the forum-selection clause would lose much of its force, leading to the unnecessary expenditure of resources by courts and litigants. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–94 (1991) ("[A] clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions.")

9

## <u>CONCLUSION</u>

After having been warned by Defendant that it intended to enforce the forum-selection clause, Plaintiff nonetheless sued Defendant in the wrong forum. Plaintiff finally sued Defendant in the correct forum, but did so after expiration of the limitations period.  We find that equitable tolling does not apply under these circumstances.  Accordingly, we **AFFIRM**.