[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13071
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00393-MCR-CJK


KATHRYN JOYE,

                                                    Plaintiff - Appellant,

versus

SECRETARY DEPARTMENT OF NAVY,

                                                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 13, 2018)

Before JULIE CARNES, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Kathryn Joye appeals the district court's grant of summary judgment to the Secretary of the Department of Navy (the "Navy") in her employment discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*  Joye argues that, although her complaint was filed one day after the applicable deadline, exceptional circumstances warranted equitable tolling.  After careful review, we affirm.

## I.

Joye filed a complaint with the Equal Employment Opportunity Commission ("EEOC") after she was passed over for an operations manager position in the Navy's Morale, Welfare and Recreation Program.  On May 12, 2016, Joye received an unfavorable decision from the EEOC.  The decision notified her that she had 90 days to file a civil action against the Navy in federal court.  On August 10, 2016, the 90th day, Joye completed and signed a *pro se* complaint against the Navy.  She became concerned about driving 25 minutes to the courthouse in the hard rain that day, so she researched online whether she could mail the complaint on the due date or whether it needed to be hand delivered.  Because Joye was unable to find the answer online, she called the Clerk of Court for the Northern District of Florida to ask if she could mail the complaint on the due date.

Joye explained to the woman who answered the phone that she had a filing due that day and asked if she could mail the document or if it had to be hand delivered. The woman responded that she could mail the document as long as it was postmarked the day of the deadline.[1] Joye gave the complaint to her husband, who put it in the mail that day. The Clerk's Office received the complaint, which was postmarked August 10, 2016, on August 11, 2016, one day after the deadline.

The Navy filed a motion to dismiss the complaint, arguing that it had not been timely filed. Joye argued in response that her case warranted equitable tolling. She attached exhibits including an affidavit and a copy of the Northern District of Florida's instructions for *pro se* litigants filing an employment discrimination claim, which discussed the 90-day period in which to file a suit but did not indicate when a complaint would be deemed filed.

The district court entered an order noting that it would construe the motion as one for summary judgment because the court would have to consider matters outside of the pleadings and providing the parties 30 days for discovery on the issue of whether Joye was entitled to equitable tolling of the filing deadline. After the discovery period ended, the court granted the Navy's motion. In its order, the district court found that Joye had not diligently pursued her rights because she

---

[1] The Navy filed a declaration from the Clerk of Court explaining that a document was considered filed when the office received and marked it and denying that any employee had spoken to Joye or advised any caller that a complaint was considered filed on the date it was mailed. At this stage in the proceedings, however, we resolve all disputes of fact in the plaintiff's favor. *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002).

3

waited until the final day of the filing period to research how to file her complaint. This is Joye's appeal.

## II.

We review *de novo* the grant of a motion to dismiss. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). The Federal Rules of Civil Procedure provide that a motion to dismiss shall be treated as a motion for summary judgment if the movant presents matters outside the pleadings to the court. Fed. R. Civ. P. 12(d). When a district court converts a motion to dismiss into one for summary judgment, the court is required, as it did here, to give "notice to the parties and an opportunity for mutual discovery." *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1168 (11th Cir. 2014).

We review *de novo* the grant of summary judgment, drawing all inferences in favor of the nonmoving party. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1291-92 (11th Cir. 2012). Additionally, "the question of whether equitable tolling applies is a legal one subject to *de novo* review." *Booth v. Carnival Corp.*, 522 F.3d 1148, 1149 (11th Cir. 2008).[2]

---

[2] Our prior cases have reviewed district court decisions about the application of equitable tolling under both abuse of discretion and *de novo* standards of review. *Compare Arce v. Garcia*, 434 F.3d 1254, 1260 (11th Cir. 2006) (applying abuse of discretion standard of review) *with Booth*, 522 F.3d at 1149 (applying *de novo* standard of review) *and Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1531 (11th Cir. 1992) ("The question of whether or not equitable tolling applies is a legal one and thus is subject to *de novo* review . . . .").

When our prior panel decisions conflict, we are bound to follow the oldest one. *See United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir.1998) (en banc) ("It is the firmly

III.

On appeal, Joye admits that her complaint was filed one day late, but argues that extraordinary circumstances warranted the application of equitable tolling to the filing deadline. We disagree. Because Joye has failed to show that she diligently pursued her rights, she is not entitled to equitable tolling.

A plaintiff has 90 days to file an employment discrimination lawsuit after receiving the EEOC's notice of right to sue. 42 U.S.C. § 2000e-5(f)(1). The lawsuit is considered filed on the date the clerk receives the complaint. *See Robinson v. City of Fairfield*, 750 F.2d 1507, 1509 n.2 (11th Cir. 1985) ("[F]or purposes of determining whether the plaintiff commenced this Title VII action within the required 90-day period, we look only to the date on which the clerk actually received the application.").

Equitable tolling is an extraordinary remedy that should be extended sparingly. *Chang v. Carnival Corp*, 839 F.3d 993, 996 (11th Cir. 2016). The general test for equitable tolling, which applies to employment discrimination lawsuits, is that the party seeking tolling must prove that (1) she has been pursuing her rights diligently and (2) some extraordinary circumstance stood in her way and

---

established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court." (alteration adopted) (internal quotation marks omitted)). Accordingly, we are bound to follow our decision in *Miranda* and review whether equitable tolling applies under a *de novo* standard.

5

prevented her from timely filing. *Villareal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc), *cert denied*, 137 S. Ct. 2292 (2017).

Due diligence, therefore "is a necessary, though not sufficient prerequisite that a plaintiff must satisfy." *Chang*, 839 F.3d at 996. "In addition, the interests of justice on which a tardy plaintiff relies do not support a plaintiff who has not filed her action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running." *Id.* (alterations adopted) (internal quotation marks omitted). The plaintiff has the burden to show that equitable tolling is warranted. *Id.*

Joye asserts that she diligently pursued her rights because she researched whether the complaint would be timely if mailed and when she could not find the answer online, she called the Clerk's Office. But despite knowing when the deadline was, *see id.*, Joye waited until the last day to complete the complaint and research how to file it. Further, she has provided no explanation for why she failed to complete her complaint earlier in the 90-day period, so that she would have sufficient time to investigate the rule for timely filing. *Cf. Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (concluding, in the habeas corpus context, that equitable tolling was not warranted where late-filed motion had been sent by ordinary mail less than a week before deadline because petitioner's counsel "could have avoided [the late filing] by mailing the motion earlier"). Joye thus has

6

failed to show that she diligently pursued her rights when she waited until the 90th, and last, day of the deadline to complete her complaint and research how to file it.

Even assuming, as Joye argues, that the incorrect information she received from the Clerk's Office regarding how to file a document on its due date constituted extraordinary circumstances beyond her control,[3] her lack of diligence precludes a determination that she is entitled to equitable tolling.  The district court therefore did not err in granting summary judgment to the Navy.

IV.

For the foregoing reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**

---

[3] Joye also argues that extraordinary circumstances prevented her from meeting the deadline because neither the notice she received from the EEOC nor the U.S. District Court for the Northern District of Florida's "Instructions for *Pro Se* Litigants Filing an Employment Discrimination Complaint" instructed that a complaint is considered filed when it is received by the court.  But there is nothing "extraordinary" about these documents, especially given that other *pro se* litigants seeking to file discrimination complaints receive the same standard documents and manage to timely file their complaints.  "Moreover, this Court has defined 'extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy" the standard.  *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007).