[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11647
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-22827-MGC

MITCHELL MIORELLI
DANNAMARIE PROVOST,

Plaintiffs-Appellants,

versus

MARKELL HALL, JR.,
ANGELO WILLIAMS, JR.,
JAQUES CLAY WILLIAMS,
ROYAL CARIBBEAN CRUISE LINES, LTD.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 10, 2018)

Before WILLIAM PRYOR, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Mitchell Miorelli was injured on a cruise ship operated by Royal Caribbean Cruises Ltd.[1]  He and his then-fiancée DannaMarie Provost filed a negligence suit against Royal Caribbean almost 20 months later.  The district court granted summary judgment for Royal Caribbean based on the one-year limitation period contained in the cruise ticket contract.  Plaintiffs appeal that ruling, arguing that the district court erred in determining that the contractual time limitation applied and was not subject to equitable tolling.  We affirm.

I.

In November 2015, Miorelli and Provost took a cruise on a Royal Caribbean ship.  Miorelli's father purchased their cruise tickets through a travel agent.[2]  At the bottom of the front page of the Guest Ticket Booklet for Miorelli and Provost, the following notice alerted passengers to the existence and importance of the ticket contract:

---

[1] Named in the complaint as Royal Caribbean Cruise Line, Ltd.

[2] Although plaintiffs submitted affidavits stating that they never personally received their cruise tickets, they did not contend in the district court that they did not have access to the tickets or that they did not have an adequate opportunity to review the Contract terms.  *See Estate of Myhra v. Royal Caribbean Cruises, Ltd.*, 695 F.3d 1233, 1246 n.42 (11th Cir. 2012) (whether the plaintiffs "chose to avail themselves of the notices and to read the terms and conditions is not relevant" to the question of whether the terms were reasonably communicated).  To the extent that they contend on appeal that they had no such opportunity, therefore, we decline to consider that argument.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("If we were to regularly address questions—particularly fact-bound issues—that district courts never had a chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court.").

2

**IMPORTANT NOTICE TO GUESTS:**
Your Cruise/Cruisetour Ticket Contract is contained in this booklet. The Contract contains important limitations on the rights of passengers. It is important that you carefully read all the terms of this Contract, paying particular attention to section 3 and sections 9 through 11, which limit our liability and your right to sue, and retain it for future reference. This Agreement requires the use of arbitration for certain disputes and waives any right to trial by jury to resolve those disputes.



www.RoyalCaribbean.com

The Contract referenced in this front-page notice began on page 13 of the

Booklet.  It was clearly labeled, in large, bold print: "**Cruise/Cruisetour Ticket**

**Contract**."  Immediately below this heading, another notice to passengers, written

in all-capital, bold-print letters and again drawing attention to the limitation-of-

liability provisions in the Contract, read:

**IMPORTANT NOTICE TO GUESTS**
**YOUR CRUISE/CRUISETOUR TICKET CONTRACT CONTAINS IMPORTANT LIMITATIONS ON THE RIGHTS OF PASSENGERS. IT IS IMPORTANT THAT YOU CAREFULLY READ ALL TERMS OF THIS CONTRACT, PAYING PARTICULAR ATTENTION TO SECTION 3 AND SECTIONS 9 THROUGH 11, WHICH LIMIT OUR LIABILITY AND YOUR RIGHT TO SUE, AND RETAIN IT FOR FUTURE REFERENCE.**

**THIS AGREEMENT REQUIRES THE USE OF ARBITRATION FOR CERTAIN DISPUTES AND WAIVES ANY RIGHT TO TRIAL BY JURY TO RESOLVE THOSE DISPUTES. PLEASE READ SECTION 10 BELOW.**

The Contract that followed was written in the same size font as the notice, but

except for the referenced limitation-of-liability sections (sections 9 through 11), it

was printed in standard sentence case rather than all-capital letters.

The first paragraph of section 10 of the Contract notified passengers that any

personal-injury lawsuit against Royal Caribbean would be barred unless the injured

passenger gave Royal Caribbean written notice of the claim within six months of

the injury *and* filed the lawsuit within one year:

**10. NOTICE OF CLAIMS AND COMMENCEMENT OF SUIT OR ARBITRATION; SECURITY:**
a) TIME LIMITS FOR PERSONAL INJURY/ILLNESS/DEATH CLAIMS: NO SUIT SHALL BE MAINTAINABLE AGAINST CARRIER, THE VESSEL OR THE TRANSPORT FOR PERSONAL INJURY, ILLNESS OR DEATH OF ANY PASSENGER UNLESS WRITTEN NOTICE OF THE CLAIM, WITH FULL PARTICULARS, SHALL BE DELIVERED TO CARRIER AT THE FOLLOWING ADDRESS, C/O ROYAL CARIBBEAN CRUISES LTD., 1050 CARIBBEAN WAY, MIAMI, FL 33132, WITHIN SIX (6) MONTHS FROM THE DATE OF THE INJURY, ILLNESS OR DEATH AND SUIT IS COMMENCED (FILED) WITHIN ONE (1) YEAR FROM THE DATE OF SUCH INJURY, ILLNESS OR DEATH AND PROCESS SERVED WITHIN 120 DAYS AFTER FILING, NOTWITHSTANDING ANY PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY.

3

The text of the one-year limitation provision was written in the same size print as the rest of the Contract, but like the "IMPORTANT NOTICE TO GUESTS" at the beginning of the Contract and the surrounding sections related to liability, it was printed in all-capital letters.

On the third day of plaintiffs' cruise, November 25, 2015, Miorelli got into a physical altercation with three other passengers and sustained injuries. Six months later, on May 31, 2016, an attorney retained by plaintiffs wrote to Royal Caribbean to provide notice of their claims. In his letter, plaintiffs' counsel discussed the merits of their negligence claim against Royal Caribbean and stated that the letter was "**provided to you in accordance with Paragraph 10(a) of the Royal Caribbean Cruise Line Contract. Injuries were suffered November 24, 2015.** It is our intention to file suit on or before November 24, 2016, in the United States District Court for the Southern District of Florida unless reasonable settlement is reached." (emphasis in the original).

On November 9, 2016—16 days before the expiration of the contractual limitations period—a Royal Caribbean claims adjustor wrote to plaintiffs' counsel, inviting him to make a settlement demand. The letter contained the following closing: "This letter, subsequent correspondence, discussions or negotiations are in no way to be construed as either an admission of liability or as a waiver of any rights, defenses or limitations available to the vessel, her owners or underwriters,

4

whether contained in the ticket contract or otherwise."  Plaintiffs claim that they thereafter attempted, without success, to engage Royal Caribbean in settlement negotiations, but there is no record on appeal of any further presuit correspondence between the parties.

Plaintiffs filed suit against Royal Caribbean and the three other passengers involved in the altercation with Miorelli on July 27, 2017.  Royal Caribbean moved to dismiss the complaint as barred by the one-year time limitation in the ticket contract.  The district court converted the motion to dismiss into a motion for summary judgment and, after a hearing, granted the motion based on the contractual time limit.

## II.

We first address the question of the district court's subject matter jurisdiction.  *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011) ("We are obligated to raise concerns about the district court's subject matter jurisdiction *sua sponte*.").  In response to our jurisdictional question,[3] plaintiffs clarified that they wished to proceed on the basis

---

[3] The Complaint asserted that the district court had diversity jurisdiction, 28 U.S.C. § 1332, as well as admiralty or maritime jurisdiction, but the facts alleged in the Complaint did not establish complete diversity of the parties.  We asked the parties to clarify (1) whether the district court's subject matter jurisdiction was based on diversity or admiralty, (2) the parties' citizenship for purposes of diversity jurisdiction, including Royal Caribbean's place of incorporation, (3) whether complete diversity existed, and (4) insofar as the allegations in the Complaint were inadequate to establish diversity jurisdiction, whether and how the deficiencies could be corrected.  No. 18-11647-D, Jurisdictional Question issued May 22, 2018.

of admiralty jurisdiction on all claims.  We therefore granted plaintiffs' motion to amend their complaint to strike the diversity jurisdiction allegations and denied Royal Caribbean's motion to dismiss the appeal for lack of jurisdiction.

The district court had admiralty jurisdiction over plaintiffs' tort claims because (1) the injury forming the basis for the claims occurred on navigable waters, (2) the type of incident involved (injury from a fight among passengers aboard a cruise ship) "has a potentially disruptive impact on maritime commerce," and (3) "the general character of the activity giving rise to the incident"— transporting passengers aboard a cruise ship—"shows a substantial relationship to traditional maritime activity."  *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900 (11th Cir. 2004) (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534, 115 S. Ct. 1043, 1048 (1995)).  Thus, federal maritime law applies to plaintiffs' negligence claims.  *See id.* at 902; *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989).

### III.

This Court reviews a district court's grant of summary judgment de novo, "construing the facts and all reasonable inferences from the facts in favor of the nonmoving party."  *Stardust, 3007 LLC v. City of Brookhaven*, 899 F.3d 1164, 1170 (11th Cir. 2018).  A district court's rulings on discovery motions, including requests to delay ruling on a summary judgment motion to allow additional

discovery, are reviewed for an abuse of discretion. *See Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Stardust*, 899 F.3d at 1170. A disputed fact that is irrelevant to the dispositive issue raised by the movant is not material; only "disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

Whether the terms of a cruise-ticket contract were adequately communicated to passengers is a question of law that we review de novo. *Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1567 (11th Cir. 1990). We also review de novo the district court's decision regarding the application of equitable tolling. *Chang v. Carnival Corp.*, 839 F.3d 993, 996 n.4 (11th Cir. 2016).

## A.

Plaintiffs contend that the district court should have denied Royal Caribbean's motion for summary judgment as premature and allowed them to conduct factual discovery regarding the altercation, Royal Caribbean's shipboard security practices, and alcohol consumption by the alleged assailants. But

7

plaintiffs have not identified—in the district court or on appeal—any discovery that they wished to conduct that was related to the timeliness of their lawsuit.

A defendant may move for summary judgment "at any time" from the commencement of the lawsuit until 30 days after the discovery period closes. Fed. R. Civ. P. 56(b). While the nonmovant generally should be given an opportunity to conduct relevant discovery before a motion for summary judgment is decided, district courts are not required to postpone ruling until discovery is complete. *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990). A party seeking additional time for discovery may not rely on vague assertions that more discovery is needed; instead, he must show that the discovery he seeks will enable him to demonstrate the existence of a genuine issue of material fact. *Id.*; *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989). If the party cannot make such a showing, it is appropriate to proceed with the summary judgment ruling even if the party has not yet conducted any discovery. *Reflectone, Inc.*, 862 F.2d at 843–44.

Here, although plaintiffs claimed that they did not have all the facts necessary to enable them to respond to Royal Caribbean's motion for summary judgment, the discovery that they proposed was related to the merits of their negligence claim and irrelevant to the dispositive issue of timeliness raised by Royal Caribbean. And while plaintiffs state—without explanation—that "there

were sharply disputed issues of material fact," they do not identify any genuine factual dispute related to the timeliness of the lawsuit.  The district court therefore did not abuse its discretion in denying plaintiffs' request to conduct discovery.

### B.

Maritime tort claims like this one generally are subject to a three-year statute of limitation.  46 U.S.C. § 30106.  But the statute does not prohibit contracts setting shorter limitation periods.  *Id.*; *see Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 107, 134 S. Ct. 604, 611 (2013) (absent a statutory prohibition of such agreements, parties may set a shorter limitations period by contract than is provided in the applicable statute of limitations).  Under 46 U.S.C. § 30508(b)(2), cruise lines may set a contractual time limit of no less than one year for bringing a personal injury action.  A valid contractual time bar is binding on the parties; there is "'no essential difference'" in that regard between a contractual limitation period and one set by statute.  *Chang*, 839 F.3d at 996 n.3 (quoting *Bailey v. Carnival Cruise Lines, Inc.*, 774 F.2d 1577, 1579 n.3 (11th Cir. 1985)).

A limitation on the time for filing suit contained within a cruise ticket contract will be enforced if the passenger had "reasonably adequate notice that the limit existed and formed part of the passenger contract." *Nash*, 901 F.2d at 1566. Plaintiffs contend that they did not have adequate notice of the time limitation in the Contract because the typeface used for that provision was not bold, highlighted,

9

or printed in a contrasting color.  But we have previously held that cruise ticket contracts printed in a similar size and typeface were sufficient "as a matter of physical presentation" to provide reasonable notice to passengers where, as here, the relevant provision was clearly labeled and an additional notice in a prominent location (such as the cover of the ticket booklet) directed ticket-holders to the contract section of the booklet.  *See Myhra*, 695 F.3d at 1245–46; *Nash*, 901 F.2d at 1567–68.

Moreover, plaintiffs clearly had actual notice of the one-year time limit for bringing suit before the November 25, 2016 deadline passed, given their attorney's May 2016 correspondence specifically referring to the Contract, acknowledging the limitation provision, and notifying Royal Caribbean that plaintiffs intended to file suit—in the contractually-required forum—before the one-year time limit expired.  The district court did not err in determining that the one-year contractual limitation in plaintiffs' ticket contract was valid and enforceable.

## C.

Equitable tolling "is an extraordinary remedy which should be extended only sparingly."  *Chang*, 839 F.3d at 996 (citation and punctuation omitted).  The plaintiff bears the burden of demonstrating that equitable tolling should apply.  *Id.* Tolling may be applied where a claimant has been misled into inaction by the opposing party, or where he "timely files a technically defective pleading and in all

10

other respects acts with 'the proper diligence.'" *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (quoting *Burnett v. New York Central R. Co.*, 380 U.S. 424, 430, 85 S. Ct. 1050, 1056 (1965)).  But tolling is not warranted where a plaintiff knows or reasonably should know that the limitations period is running and still fails to file on time.  *Id.* at 1479–80.  Courts generally will not apply equitable tolling when the late filing is caused by "garden-variety" neglect.  *Id.* at 1480.

Plaintiffs' counsel's May 31, 2016 correspondence showed that plaintiffs knew that the limitations period was running, and that it would expire on or before November 25, 2016.  Plaintiffs imply that they were misled into missing the one-year deadline by Royal Caribbean's November 9, 2016 letter inviting them to send a settlement demand (which plaintiffs' counsel reportedly did on December 6, 2016).  But the same correspondence in which Royal Caribbean offered to reopen settlement discussions also specifically notified plaintiffs' counsel that Royal Caribbean had not waived any of its rights or limitations of liability, including those contained in the ticket contract.  And while plaintiffs claim—without record support—that they "actively engaged in settlement negotiations" with Royal Caribbean "until early 2017," they also state that Royal Caribbean "made no genuine efforts to engage in settlement negotiations" with them, and there is no evidence that Royal Caribbean communicated with plaintiffs' counsel about

11

settlement after November 9, 2016, or otherwise encouraged plaintiffs to delay filing their lawsuit until July 2017.  Nor is there any indication that plaintiffs ever asked Royal Caribbean to consent to an extension of the contractual limitation period while the parties engaged in settlement negotiations.  Under the circumstances, equitable tolling was not warranted.

Because the district court correctly determined that plaintiffs' lawsuit was barred by the one-year contractual limitation period provided in their cruise tickets, the court did not err in entering summary judgment for Royal Caribbean based on that time bar.

The judgment is **AFFIRMED.**