[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12939
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-03979-CC

CHADWICK DURAND HOLMES,

Plaintiff - Appellant,

versus

OCWEN FINANCIAL CORPORATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 10, 2019)

Before WILSON, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Chadwick Holmes, proceeding pro se, appeals the district court's grant of Ocwen Financial Corporation's motion to dismiss Holmes's private civil complaint under the Truth in Lending Act (TILA) and Federal Trade Commission Act (FTC Act).  First, Holmes argues that the district court erred in concluding that his TILA claims were time-barred by the one-year statute of limitations and that his case did not merit equitable tolling.  Second, Holmes argues that the district court erred in concluding that the FTC Act does not contain a private right of action and in dismissing his FTC claims.  After review, we affirm.

Ordinarily, we review de novo a district court's grant of a motion to dismiss for failure to satisfy the statute of limitations.  *Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007).  We also ordinarily review de novo a district court's determination of whether equitable tolling applies.  *Id.*  Under Eleventh Circuit Rule 3-1, however, a party who fails to object to a magistrate judge's findings or recommendations in a Report and Recommendation (R&R) "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," provided that the waiving party was given proper notice of the time period to object and the consequences of failing to do so.  11th Cir. R. 3-1.  "In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  *Id.*  To establish plain error, a party must show (1) an error, (2) that is plain, and (3) that affected the party's

substantial rights.  *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the party satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Here, the magistrate judge informed Holmes of the time period for objecting to the R&R and the consequences for failing to do so.  Holmes did not object to the R&R within the 14-day period, and the district court denied Holmes's motion for an extension after finding that he had failed to prove excusable neglect.  Accordingly, Holmes has waived all arguments he now raises on appeal under Rule 3-1, and we may review his arguments only for plain error if necessary in the interests of justice.  11th Cir. R. 3-1.

But even reviewing Holmes's arguments for plain error, we find none.  First, the district court did not err in determining that Holmes's TILA claims were time-barred by the one-year statute of limitations.  All TILA claims must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  A TILA violation occurs when the transaction is consummated, and nondisclosure is not a continuing violation for purposes of the statute of limitations.  *See In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984).  Here, it is undisputed that the loan was consummated in 2006, and thus Holmes was barred from bringing his TILA claims in 2017.

Nor did the district court err in determining that Holmes's case did not merit equitable tolling.  The general test for equitable tolling requires the party seeking tolling to prove (1) they have diligently pursued their rights and (2) an extraordinary circumstance has prevented them from meeting a deadline. *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 2292 (2017).  Equitable tolling is an extraordinary remedy that should be used sparingly, and the plaintiff carries the burden to show that it is warranted.  *Chang v. Carnival Corp.*, 839 F.3d 993, 996 (11th Cir. 2016) (per curiam).  Holmes has failed to show that he exercised due diligence in filing his TILA claims or that his case was sufficiently extraordinary to warrant equitable tolling.

Finally, the district court did not err in dismissing Holmes's claims under the FTC Act.  We have previously recognized that "a private right of action . . . does not exist under the FTC Act."  *Jeter v. Credit Bureau*, 760 F.2d 1168, 1174 n.5 (11th Cir. 1985); *accord Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 361 n.6 (5th Cir. 1977).[1]  We are bound by prior panel precedent unless and until that holding is overruled en banc or by the Supreme Court.  *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010).  Holmes's argument that the FTC Act

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions rendered before close of business on September 30, 1981.

4

provides a private right of action is foreclosed by our precedent, and Holmes's

arguments to the contrary are without merit.  Accordingly, we affirm.

**AFFIRMED**.