[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14117

Non-Argument Calendar

_____

DELTA DANIELLE HARRIS,

Plaintiff-Appellant,

*versus*

SECRETARY, U.S. DEPARTMENT OF THE INTERIOR,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:20-cv-14195-RLR

_____

Before GRANT, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Delta Danielle Harris appeals the district court's grant of the Department of the Interior's ("DOI") motion to dismiss her lawsuit, which raised claims of discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-(3)(a), and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. On appeal, Harris argues that: (1) the Federal Circuit Court of Appeals erred in transferring her case to the United States District Court for the Southern District of Florida because her discrimination claims were untimely; (2) the district court abused its discretion in refusing to re-transfer her case to the Federal Circuit, where her nondiscrimination claims were timely filed; and (3) the district court erred in refusing to equitably toll the statutory time limit for filing her discrimination claims because she diligently pursued her claims for review of the Merit Systems Protection Board's ("MSPB") final order and the DOI was not prejudiced by her untimely filing. After careful review, we affirm.

I.

In March 2018, a DOI supervisor issued a notice of proposed removal of Harris for cause from her position as a Fish and Wildlife Biologist, for being absent without leave, failure to follow leave procedures, lack of candor, misuses of a government vehicle, and inappropriate conduct. Based on the factors laid out in *Douglas v.*

*Veterans Administration*, 5 M.S.P.B. 313 (1981), the supervisor determined that removal was the appropriate penalty for Harris's misconduct. The DOI agreed and removed Harris effective April 20, 2018. Harris then filed an Equal Employment Opportunity ("EEO") complaint alleging she was terminated based on her disabilities and in discrimination for her prior EEO activity. In February 2019, the DOI issued a final decision finding that Harris had not been subjected to employment discrimination, and informed her that she had the right to appeal the decision to the MSPB within 30 days or to file a civil action in the appropriate district court within 30 days, which was her only avenue if her claim arose under the Civil Rights Act. Harris appealed to the MSPB, challenging her removal; the MSPB affirmed the DOI's action, noted that the decision would become final on December 23, 2019 and informed her of the deadlines for an appeal.[1]

On February 21, 2020, Harris filed a petition for review of the MSPB's decision with the Federal Circuit. Because her filings indicated that she sought to pursue a discrimination claim that she'd raised as an affirmative defense before the MSPB, the Federal

---

[1] Specifically, the MSPB explained that Harris had three avenues to appeal. First, Harris could appeal to the Federal Circuit by petitioning for review within 60 days of the date of the final decision. Second, Harris could file a civil action in an appropriate district court within 30 days of the date of the final decision, if she was claiming that she was affected by an action that was appealable to the MSPB and that the action was based, in whole or in part on unlawful discrimination. Third, Harris could file in the Federal Circuit within 60 days if her claim concerned whistleblower protection.

Circuit entered an order advising that the proper forum for discrimination cases was the district court. The order directed the parties to show cause why the case should not be transferred to a district court and asked which court would be most appropriate.

Harris responded that she intended to pursue her discrimination claims, agreed with the Federal Circuit that her case should be transferred to a district court, and urged that it be transferred to the United States District Court for the Southern District of Florida. On June 18, 2020, the Federal Circuit transferred Harris's case to the Southern District of Florida.

Once in district court, the DOI moved for dismissal, arguing that Harris's suit was untimely. It said that the MSPB decision became final on December 23, 2019, and that judicial review had to be sought with the Federal Circuit within 60 days if the claim did not involve an allegation of discrimination or with a district court within 30 days if the claim involved discrimination. Because Harris had not met these deadlines and had offered no justification for her late filing, a magistrate judge issued a report and recommendation ("R&R"), recommending that the DOI's motion to dismiss be granted. After reviewing Harris's objections to the R&R, the district court granted the DOI's motion to dismiss.

This timely appeal followed.

II.

We have an obligation to ensure that we have jurisdiction to review a case before us. *Corley v. Long-Lewis*, 965 F.3d 1222,

1227 (11th Cir. 2020).  We review jurisdictional issues *de novo*.  *Adams v. Monumental Gen. Cas. Co.*, 541 F.3d 1276, 1277 (11th Cir. 2008).  However, we review for abuse of discretion a district court's decision not to transfer a case.  *Richardson v. Ala. State Bd. of Educ.*, 935 F.2d 1240, 1247–48 (11th Cir. 1991) (reviewing for abuse of discretion the district court's refusal to transfer the case, under 28 U.S.C. § 1404(a), to another district court).

The grant of a motion to dismiss based on the statute of limitations is reviewed *de novo*.  *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021).  We also review a district court's ruling on equitable tolling *de novo*.  *Booth v. Carnival Corp.*, 522 F.3d 1148, 1149 (11th Cir. 2008).

While we will liberally construe the pleadings of *pro se* litigants, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), liberal construction of *pro se* pleadings "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotations omitted).  A district court has discretion to refuse to consider arguments that were not raised before the magistrate judge or were raised for the first time in objections to a magistrate judge's report and recommendation.  *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

Moreover, we are precluded "from reviewing an issue raised on appeal if it has been *waived* through the doctrine of invited error." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir.

2009).  "[T]he doctrine of invited error is implicated when a party induces or invites the district court into making an error." *Id.* (quotations omitted).

### III.

First, we lack jurisdiction to review the Federal Circuit's order transferring Harris's case to the United States District Court for the Southern District of Florida.  The procedure for a federal employee to seek protection from adverse personnel actions was established by the Civil Service Reform Act ("CSRA"). *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012).  A serious personnel action, like removal, may be appealed to the MSPB. *Id.*  A complaint that alleges a serious personnel action *and* that the action was based on discrimination is a "mixed case." *Id.* (quotations omitted).

When a federal employee brings a "mixed case" appealing an adverse personnel action from the MSPB and raising claims of discrimination, we review the non-discrimination claims on the administrative record using an arbitrary and capricious standard. *Kelliher v. Veneman*, 313 F.3d 1270, 1274–75 (11th Cir. 2002).  The MSPB's findings or conclusions may only be set aside if they are (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence.  5 U.S.C. § 7703(c).  The MSPB considers factors including whether the offense was intentional or committed maliciously, the employee's potential for rehabilitation, the effect of the action on the employee's ability to perform her duties,

the mission of the organization, the employee's past disciplinary record, unusual job tensions and any mental impairment. *Douglas v. Vets. Admin.*, 5 M.S.P.B. at 331–32. The MSPB accords considerable deference to the agency's penalty determination and may modify a penalty only if the agency's judgment clearly exceeded the bounds of reasonableness, or the agency failed to conscientiously consider relevant mitigating factors. *Id.* at 332–33.

Generally, a petition for review of a final order of the MSPB must be filed in the Federal Circuit within 60 days of the decision becoming final. 5 U.S.C. § 7703(b)(1)(A). Judicial review of a final order of the MSPB in an action based, in whole or in part, on unlawful discrimination must be filed in an appropriate district court within 30 days. *Id.* § 7703(b)(2). The Federal Circuit has no authority over discrimination claims, nor does it have authority over "mixed cases." *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1979 (2017).

Whenever a civil action is filed, including a petition for review of an administrative action, and the court in which it is filed finds that it lacks jurisdiction, it shall, if it is in the interest of justice, transfer the action to any other court in which the action could have been brought when it was filed. 28 U.S.C. § 1631. When a transfer like this occurs, the action shall proceed as if it had been filed in the court to which it is transferred on the date that it is transferred. *Id.*

However, we lack jurisdiction to review an order transferring a case to a district court within this Circuit. *Cf. Corley*, 965

F.3d at 1232 (stating in the context of a transfer order from a district court to a district court in another circuit that "an out-of-circuit transfer order is not reviewable on appeal in the transferee circuit"); *Murray v. Scott*, 253 F.3d 1308, 1314 (11th Cir. 2001) (stating that we lacked jurisdiction to review the decision of a district court from another circuit transferring a case to a district court in this Circuit).

Our case law is clear that we lack jurisdiction to review the Federal Circuit's order transferring Harris's case to United States District Court for the Southern District of Florida. *See Murray*, 253 F.3d at 1314; *Corley*, 965 F.3d at 1232. But even if we somehow had jurisdiction to review the order, we would be precluded from considering any challenge to the transfer order under the invited error doctrine. As the record reflects, Harris agreed with the transfer and advised the Federal Circuit that her case should be transferred to the Southern District of Florida. *See Brannan*, 562 F.3d at 1306. For these reasons, we are unable to review this issue on appeal.

## IV.

Next, we find no merit in Harris's claim that the district court abused its discretion in declining to re-transfer her case to the Federal Circuit. For starters, Harris argued for re-transfer to the Federal Circuit for the first time in her objections to the R&R. She did not raise that argument in her response to the DOI's motion to dismiss and did not offer any explanation for why she did not make the request earlier. Thus, whether or not the district court

considered this argument as part of Harris's objections to the R&R, the district court acted within its discretion in not discussing this argument because Harris did not raise it to the magistrate judge. *See Williams*, 557 F.3d at 1292.

Moreover, while Harris says that she asserted a nondiscrimination claim of wrongful termination that should have been re-transferred to the Federal Circuit, where it was timely filed, she did not actually raise any nondiscrimination claims. In her amended complaint -- which included a wrongful termination heading *and* a wrongful discrimination heading -- Harris raised only discrimination claims under the "Wrongful Termination" heading. Further, throughout the complaint, she consistently alleged that her removal was due to discrimination and retaliation for her protected EEOC activity. As we've said many times, courts may not rewrite an otherwise deficient *pro se* pleading. *Tannenbaum*, 148 F.3d at 1263; *Campbell*, 760 F.3d at 1168–69. Because Harris appears to have alleged only discrimination claims, there were no claims over which the Federal Circuit had authority and there was nothing to transfer to the Federal Circuit. *Perry*, 137 S. Ct. at 1979.

We recognize that in deciding whether to transfer a case, we've suggested that one important factor to consider is whether dismissal would effectively time-bar the plaintiff from seeking relief in the proper court. *See ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1276 (11th Cir. 1998). But even though the district court's refusal to re-transfer Harris's case left it time-barred, Harris had no case to pursue in the Federal Circuit, and the interest of justice would not

have been furthered by re-transferring her case. *Id.* It's also worth reiterating that Harris specifically asked the Federal Circuit to transfer her case to the district court. On this record, the district court did not abuse its discretion in refusing to re-transfer Harris's case. *See Richardson*, 935 F.2d at 1247–48.

Nor did the district court err in dismissing Harris's case as untimely. When she filed her case in the Federal Circuit, more than 30 days had passed from the date the MSPB decision became final. And a civil action seeking review of the MSPB's final order involving discrimination claims must be filed in the district court within 30 days. 5 U.S.C. § 7703(b)(2). Thus, even had she correctly filed in the district court in the first instance, her filing would have been untimely. Accordingly, the district court properly dismissed her case as time-barred.

## V.

Finally, we are unpersuaded by Harris's claim that the district court erred in refusing to equitably toll the statutory time limit for filing her discrimination claims. Under the equitable tolling doctrine, "plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998). The general test for equitable tolling requires the party seeking tolling to prove (1) she has diligently pursued her rights, and (2) an extraordinary circumstance has prevented her from meeting a deadline. *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (*en banc*). Equitable

tolling is an extraordinary remedy that should be extended only sparingly. *Chang v. Carnival Corp.*, 839 F.3d 993, 996 (11th Cir. 2016).

Equitable tolling is not warranted when a plaintiff does not timely file her action even though she knew, or was in a position reasonably to know, that the limitations period was running, and she failed to act with due diligence. *Id.* Ignorance of the law does not usually warrant equitable tolling, and absent more, does not meet the "extraordinary circumstances" test. *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) (quotations omitted). "[G]arden-variety negligence" is also insufficient to warrant tolling. *Chang*, 839 F.3d at 996 (quotations omitted). Nor is "lack of prejudice to the defendant . . . nearly enough to show injustice to the plaintiff." *Raziano v. United States*, 999 F.2d 1539, 1542 (11th Cir. 1993). Although lack of prejudice may be a factor in deciding whether to apply equitable tolling, "it is not an independent basis for invoking the doctrine." *Id.* (quotations omitted).

We have not yet held that equitable tolling applies to the time limit found in § 7703(b)(2). However, we've affirmed the dismissal of an untimely MSPB appeal when the appellant failed to proffer facts that might be grounds for equitable tolling. *See Lee v. U.S. Postal Serv.*, 774 F.2d 1067, 1068–69 (11th Cir. 1985). Because we held in *Lee* that the appellant did not establish that equitable tolling was warranted, we did not resolve the question of whether the timely filing requirement was jurisdictional and not subject to equitable tolling. *Id.*

Here, regardless of whether equitable tolling is available under § 7703(b)(2), the district court did not err in refusing to equitably toll the statute of limitations for Harris's appeal of the MSPB's final order.  Notably, both the DOI and the MSPB informed Harris -- in detail -- of the 30-day time limit to file for review of her discrimination claims, and she has not shown that any extraordinary circumstance prevented her from timely filing.  *Villarreal*, 839 F.3d at 971; *Chang*, 839 F.3d at 996.  To the extent she argues that this is a complex area of the law, the DOI and MSPB were very clear about the deadlines for an appeal, and ignorance of the law, without more, does not establish the extraordinary circumstances necessary to warrant equitable tolling.  *Jackson*, 506 F.3d at 1356.  Nor is lack of prejudice to the DOI "nearly enough to show injustice" to Harris.  *Raziano*, 999 F.2d at 1542.  As for her suggestion that the Federal Circuit or the DOI should have told her that her discrimination claims were untimely, she cites no authority imposing this requirement on the court or the DOI.  On this record, the district court did not err in declining to equitably toll the time for Harris to file for review of the MSPB's final order on her discrimination claims.

AFFIRMED.